WILLIAM H. HOELAND, Appellant, v. CHARLES A. LANGE, Respondent.

(Supreme Court, Appellate Term, First Department, November, 1920.)

Evidence — contract of employment — when partnership salaries cannot be deducted from profits.

Plaintiff's compensation under a contract of employment for a year with a partnership, was a salary of twenty-five dollars a week and ten per cent of the profits, but at the end of the year's service, defendant, the continuing partner, deducted from the profits $12,000, charged as salary to the two partners on the books of the firm. In an action to recover the agreed compensation, it appeared that the partnership articles did not provide for salaries. *Held*, that in the absence of proof that plaintiff agreed that a definite sum as salaries to partners should be deducted from the profits, such deduction was not justified. (P. 471.)

The only evidence to support a finding that plaintiff knew of the salaries and consented to their deduction was the testi-

mony of defendant that when the contract was made he agreed to give plaintiff " ten per cent of the net profits, figured the same as we did the year before." It also appeared that the salary entries for that year were only made to procure a reduction in the income taxes under the ruling of the federal authorities and there was no evidence that the salaries charged on the books were ever paid. *Held,* that plaintiff's motion for the direction of a verdict should have been granted and a judgment in favor of defendant will be reversed and judgment directed for plaintiff, with costs.

APPEAL by the plaintiff from a judgment of the City Court of the city of New York, in favor of defendant after a trial before a jury and also from an order denying plaintiff's motion for a new trial.

Stern, Barr & Tyler (Henry C. Moses, of counsel), for appellant.

David J. Wagner, for respondent.

WHITAKER, J.   In 1915 defendant entered into a copartnership with one Clifford Isaacs and conducted their business under the name of the " Supreme Knitting Co." This firm continued in business until after it made the contract of hiring with the plaintiff in January, 1919.

It is conceded that plaintiff entered into the employ of defendants upon the following terms: $25 a week salary and ten per cent of the profits. At the end of the year's service defendant deducted from the firm profits for the year some $12,000, salaries charged in the books to the partners, $6,000 each. Plaintiff claims that this is an improper deduction from the profits. Defendant claims it is a proper deduction and that the only question for the jury was whether the deduction was a *bona fide* one, and whether the plaintiff knew of it and consented to it at the time the contract was

entered into. That the jury have found that it was a proper deduction and that having found that as a fact the verdict should not be disturbed. In the absence of an agreement upon the part of plaintiff that a definite sum in the nature of salaries to partners should be deducted from the profits, the deduction would not be justified.

Profits and salary are quite different terms. All salaries are presumably paid from profits. Defendant's salaries would have come from the profits. Salaries of employees are legitimate charges against profits. The employer, however, does not receive a salary, he receives the entire income from the business. The position of the same individual being the employer and employee at a salary is anomalous.

The fixing of salaries of each partner in a partnership and paying them from the profits is simply a division of the profits.

The only question, therefore, to determine is: did the evidence in the case support the assumed finding of the jury that plaintiff when he made the contract knew that the partners were charging their salaries of $6,000 each against the profits and did plaintiff consent to it?

The partnership agreement makes no provision for salaries. The only direct evidence in the case that supports the finding that plaintiff knew of the salaries and consented to their deduction is the vague and indefinite evidence of the defendant who testifies that when he made the contract with plaintiff he " agreed to give him ten per cent of the net profits, figured the same as we did the year before." The defendant also testifies that in subsequent conversation the plaintiff stated that he knew the defendant intended to deduct the salaries from the profits, and objected to it. The defendants' books had no entries of salaries to defend-

ants during the years 1915, 1916, nor in 1917, all of which was known to plaintiff. Defendant made or had made the salary entries in 1918 for the purpose only of procuring a reduction in the inccme taxes, under the ruling of the Federal authorities allowing it.

There is no evidence that the salaries charged in the books were ever paid. Counsel for the defendant stated to the court that the books showed a payment of $9,642 as " drawing account." Concededly a drawing account is not salary.

The plaintiff had no knowledge of the charges in the books at the time the agreement was made and the defendant knew plaintiff had no such knowledge.

Plaintiff's motion for a direction of a verdict should have been granted.

Judgment reversed, with costs to appellant, and judgment ordered for plaintiff for $935.69, with costs in the court below.

Judgment reversed, with costs.